**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4079**

———————

UNITED STATES OF AMERICA,

                             Plaintiff - Appellee,

    versus

CARLOS ORELLANA,

                             Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., District Judge.  (CR-04-360)

———————

Submitted:  June 24, 2005           Decided:  July 25, 2005

———————

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian M. Aus, Durham, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a guilty plea to possession of a firearm by an illegal alien, in violation of 18 U.S.C. §§ 922(g)(5), 924(a)(2) (2000), Carlos Orellana was sentenced to thirteen months in prison. Orellana appeals, arguing that he is entitled to resentencing because the district court treated the federal sentencing guidelines as mandatory in determining his sentence. Because Orellana asserts this claim for the first time on appeal, we review for plain error. Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731 (1993); <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005).

In <u>White</u>, this court held that treating the guidelines as mandatory was error and that the error was plain. 405 F.3d at 215-17. The court declined to presume prejudice, <u>id.</u> at 217-22, and held that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." <u>Id.</u> at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." <u>Id.</u> at 224. Because the record in <u>White</u> provided no nonspeculative basis suggesting that the court would have sentenced the defendant to a different

sentence had the court sentenced under an advisory guidelines scheme, this court concluded that the error did not affect the defendant's substantial rights. Id. at 225. Thus, the court affirmed the sentence. Id.

Here, the district court noted that it adopted the presentence report and the guideline application without change, that its sentence was within the guideline range, and that it found no reason to depart from the guideline range in imposing sentence. We find that the record in this case contains no nonspeculative basis on which we could conclude that the district court would have sentenced Orellana to a lesser sentence had the court proceeded under an advisory guideline scheme. Id. at 223. We therefore conclude that Orellana has failed to demonstrate that the plain error in sentencing him under a mandatory guidelines scheme affected his substantial rights.

Accordingly, we affirm Orellana's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED